IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| H&R BLOCK FINANCIAL ADVISORS, INC., | : | Case No. 1:08-CV-624 |
| Plaintiff, | : | District Judge Susan J. Dlott |
| v. | : | ORDER GRANTING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER |
| STEVEN SCHULTE and MICHAEL WILCHECK, II, | : | |
| Defendants. | : | |

This matter comes before the Court on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. (Doc. 2.)  The Court held a hearing on the motion on September 17, 2008. For the reasons set forth below, the Court GRANTS Plaintiff's motion for a temporary restraining order.

Federal Rule of Civil Procedure 65 authorizes the Court to grant a temporary restraining order. When deciding whether to grant preliminary injunctive relief, the Court considers four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of preliminary injunctive relief would cause substantial harm to others; and (4) whether the public interest would be served by issuance of preliminary injunctive relief. *See Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *see also Mason County Medical Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977).

1

AND NOW, this 18th day of September, 2008 upon consideration of the Complaint and Motion of Plaintiff H&R Block Financial Advisors, Inc. ("HRBFA"), and having determined that:

1. HRBFA has a strong likelihood of success on the merits: the rights of HRBFA with respect to its property, proprietary, and confidential information, competitive interests, and contract with Defendants are being and will continue to be violated by Defendants unless Defendants are restrained therefrom;

2. HRBFA will suffer irreparable harm and loss if Defendants are permitted to convert the property of HRBFA to their own personal use and benefit, and that of their new employer, Oppenheimer & Co., Inc. ("Oppenheimer"), and solicit HRBFA clients or employees;

3. HRBFA has no adequate remedy at law;

4. Greater injury will be inflicted upon HRBFA by the denial of a TRO and preliminary injunctive relief than would be inflicted upon Defendants by the granting of such relief; and

5. The issuance of injunctive relief will not disserve the public interest;

IT IS HEREBY ORDERED AND DECREED THAT:

1. Temporary Restraining Order issue immediately and that security in the amount of $25,000.00 be posted no later than the 22nd day of September, 2008;

2. Defendants are immediately enjoined and restrained, directly or indirectly, and whether alone or in concert with others, including any officer, agent, employee, and/or representative of Oppenheimer, until further Order of this Court, from doing any of the following:

      (i)      Soliciting[1] the business of any clients of HRBFA serviced by Defendants and/or whose identity they learned by reason of their employment with HRBFA (excluding Defendants' family);

      (ii)     Encouraging, soliciting, or otherwise attempting to persuade any employee of HRBFA to leave the employ of HRBFA, to breach any employment agreement with HRBFA, or to violate any policy or procedure of HRBFA;

      (iii)    Using, disclosing, or transmitting for any purpose, any records, documents, or information relating in any way to the clients or business operations of HRBFA, whether in original, copied, computerized, handwritten, or any other form (hereafter the "Records and Information"); and

      (iv)     Retaining, in any form, including without limitation original, copied, computerized, handwritten or any other form, any Records and Information.

3.     Defendants, and anyone acting in concert or participation with Defendants, including any agent, employee, officer or representative of Oppenheimer, are further ordered to return to HRBFA all records, documents, and information pertaining to HRBFA clients or the business operations of HRBFA, whether in original, copied, computerized, handwritten or any other form, and to purge any such information from their possession, custody, or control after

---

[1] A mere "information contact" between Defendants and any former client will not constitute a "solicitation." *See Merrill Lynch, Pierce, Fenner & Smith v. Hageman*, No. 01-cv-0092, slip op. at n.1 (N.D. Ohio Jan. 17, 2001) (citing *Wells v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 919 F. Supp. 1047, 1053 (E.D. Ky 1994). "An 'information contact" consists *only* of 'any written or oral contact that provides information about the Plaintiff's whereabouts and how they [sic] may be contacted.'" *Id.* (quoting *Wells*, 919 F. Supp at 1053). Anything beyond an "information contact" as defined here designed to persuade a client to follow Defendants to Oppenheimer or to ease a transfer, the Court will construe such contact as a solicitation in violation of this Order. *Id.*

providing all such information to Plaintiff's counsel, within twenty-four (24) hours of notice to Defendants or their counsel of the terms of the Court's Order;

4. Pursuant to Fed. R. Civ. P. 65(b), this Order shall remain in full force and effect for ten non-holiday business days, or through October 2, 2008, unless replaced by an order of an appropriate panel of the NASD arbitrators or extended by Order of this Court;

5. HRBFA is granted leave to commence discovery to the extent that such discovery is consistent with the NASD code, or as directed by the NASD arbitrator(s);

6. Pursuant to the requirements of sections 3 and 4 of the Federal Arbitration Act, 9 U.S.C. §§ 3-4, the parties are directed to proceed toward expedited arbitration hearings on the merits before a duly appointed panel of arbitrators pursuant to Rule 13804 of the Financial Industry Regulatory Authority Code of Arbitration Procedure; and

7. HRBFA may not make any disparaging remark or statement to anyone regarding Defendants, including but not limited to statements or remarks regarding Defendants' employment with HRBFA.

IT IS SO ORDERED.

          ___s/Susan J. Dlott_____
          Susan J. Dlott
          United States District Judge